IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert A. Snead
and Kevin D. Darrah,

        Plaintiffs

v.

Gary C. Mohr, *et al.*,

        Defendants

:
:
:   Civil Action 2:12-cv-0739
:
:   Judge Sargus
:
:   Magistrate Judge Abel
:
:
:

**ORDER**

This matter is before the Court on plaintiff Robert A. Snead's October 11, 2012 motion for reconsideration of and objections to the Magistrate Judge's September 28, 2012 Report and Recommendation. Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Initial Screening Report and Recommendation (doc. 4) and **DISMISSES** defendants Gary C. Mohr, Gary Croft, John DesMarais, Stuart Hudson, Robert Welch, Mona Parks, Rod B. Johnson, Jondrea Parrish, Ralph Wilson, Donald Root, Darhla Roberts, K. Layne, and D. McGonigal.

Plaintiff's Objections. Plaintiff argues that his claims were not improperly joined with those of Kevin Darrah. He maintains that their claims both arise from the deliberate indifference of many different medical professionals and the upper management of the Ohio Department of Rehabilitation and Correction ("ODRC").

1

According to Snead, their claims arise from the same transactions or occurrences which was the deliberate conception and subsequent implementation of the Collegial Review Board ("CRP") by defendants Gary Mohr, Stuart Hudson, John Desmarais and the subsequent operation of the CRB by Drs. Eddy and Krisher.

Plaintiff argues that the CRB's sole function is to deny, delay, limit, or offer less effective medical care due to monetary concerns rather than the interests of patient health. Its very operation demonstrates deliberate indifference to the medical needs of inmates. From its inception, the CRB issued blanket denials of all pending tests, procedures and surgeries involving plaintiff's care. Similarly, Darrah was treated with Methotrexate rather than Soriatane in order to cut costs. As a result of these cost saving measures, both Snead and Darrah suffered considerable suffering and continued injuries. Plaintiff maintains that these actions constitute deliberate indifference to serious medical needs. Plaintiff also argues that defendants Mohr, Desmarais, Hudson, Eddy and Krisher have continued to delay, deny, limit, or offer less effective medical care and are complicit in the denial of appropriate treatment.

Snead further argues that defendant Parrish should not be dismissed because she had personal knowledge that Snead required medical attention and failed to intervene. Snead maintains that defendant Stanforth should not be dismissed because her lack of organization and procedural deficiencies in the administration of medical service constituted deliberate indifference to his serious medical needs. Defendants Root and Layne should not be dismissed because of the role they played as gatekeepers to the

2

doctor. Plaintiff further argues that defendant McGonigal should be dismissed as his actions were reckless and hurried prior to the incident in the transportation van. Additionally, his failure to restrain the inmates with seat belts demonstrates deliberate indifference to inmate safety. Defendant Welch should not be dismissed, according to plaintiff, because he is responsible for the overall administration of the Franklin Medical Center, and his lack of organization rises to the level of deliberate indifference. Plaintiff also argues that defendant Parks should not be dismissed because she was complicit in the denial of care and personally prevented Snead from seeing a doctor.

Discussion. As a preliminary matter, plaintiff is not permitted to amend his complaint as a matter of right. Under the Prison Litigation Reform Act, courts do not have discretion to permit a plaintiff to amend his complaint to avoid *sua sponte* dismissal. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Additionally, plaintiff is not entitled to bring a class action *pro se*. Rule 23(a)(4) of the Federal Rules of Civil Procedure requires the plaintiff to demonstrate that he "will fairly and adequately protect the interests of the class." The ability of both the plaintiff and his attorney to adequately represent the class is the most important discretionary decision the Court must make in its ruling on a motion to certify. *See Harriss v. Pan American Airways*, 74 F.R.D. 24, 42 (N.D. Ca. 1074). The experience and ability of counsel must be carefully considered. *See Cross v. National Trust Life Insurance*, 553 F.2d 1026, 1031 (6th Cir. 1977). Non-attorney, *pro se* litigants cannot fairly and adequately represent and protect the interests of class members. *Phillips v. Tobin*, 548 F.2d 408, 413-

3

15 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Consequently, claims brought by prisoners who are not represented by counsel cannot be maintained as class actions. *Martin v. Middendorf*, 420 F. Supp. 779, 780-81 (D. D.C. 1976); *Carlisle v. Sielfaff*, 62 F.R.D. 441, 442 (E.D. Ill. 1974); *Jeffrey v. Malcolm*, 353 F. Supp. 395, 397 (S.D.N.Y. 1973). Further, although both plaintiffs allege that budget cuts and steps taken to implement them have adversely affected their medical treatment, each suffer from different diseases, have different medical needs, and assert distinct legal claims, many against defendants who are not common to both. Plaintiffs' claims simply lack the commonality that would permit them to be adjudicated in the same lawsuit.

The complaint alleges claims regarding defendants' treatment for plaintiff's left inguinal hernia and gastrointestinal distress. It also pleads claims for unsafe medical transport and infringement of first amendment rights. The Magistrate Judge properly concluded that plaintiff's allegations concerning Roberts, Parrish, Root and Stanforth do rise to the level of deliberate indifference to a serious medical need. In his complaint, plaintiff's allegations with respect to defendant Roberts concerned his failure to resubmit approval for surgery and to schedule the surgery. With respect to defendant Parrish, the complaint alleged that she indicated that a medical history was required before the surgery could be scheduled. Nurse Root allegedly informed plaintiff that he had his orders after calling the doctor to inform him of the protrusion following

4

surgery. Defendant Stanforth described plaintiff's surgery site as "good looking." None of these allegations rise to the level of deliberate indifference to a serious medical need.

The Magistrate Judge also properly concluded that Snead fails to state a claim against McGonigal, the driver of the transport van, for failing to fasten Snead's seat belt and for endangering Snead by driving recklessly. According to the complaint, McGonigal was forced to brake heavily when another car pulled out in front of him. McGonigal's actions did not violate plaintiff's Eighth Amendment rights.

Snead's claims against Parrish, Parks and Croft should also be dismissed because prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).

In his original complaint. Snead's only claims against Mohr were based on alleged deficiencies in the prison library and mailroom. As noted by the Magistrate Judge, prisoners have a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). However, it is not enough to allege that defendants denied a prisoner access to legal materials, the prisoner must show actual injury to be entitled to relief. *Lewis v. Casey*, 518 U.S. 343, 249-51 (1996). A complaint that merely alleges that the plaintiff was "prejudiced" and fails to allege "any specific or concrete prejudice to his cause" fails to state a claim for relief. *Pilgrim v. Littlefield*, 92 F.3d 413, 415-16 (6th Cir. 1996). *See, Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). In contrast, when the complaint alleges

5

prejudice in a particular case, such as dismissal of an appeal because late mailing of a prisoner's claim of appeal by prison officials caused it to be filed late, resulting in the dismissal of the appeal, it states a claim for relief. *Dorn v. Lafler*, 601 F.3d 439, 444 (6th Cir. 2010).

Conclusion. For the reasons stated above, plaintiff Robert A. Snead's October 11, 2012 motion for reconsideration of and objections to the Magistrate Judge's September 28, 2012 Report and Recommendation are **OVERRULED**. Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Initial Screening Report and Recommendation (doc. 4) and **DISMISSES** defendants Gary C. Mohr, Gary Croft, John DesMarais, Stuart Hudson, Robert Welch, Mona Parks, Rod B. Johnson, Jondrea Parrish, Ralph Wilson, Donald Root, Darhla Roberts, K. Layne, and D. McGonigal. The Clerk of Court is DIRECTED to strike plaintiff's November 7, 2012 amended class action complaint (doc. 18) from the docket.

11-29-2012

Edmund A. Sargus, Jr.
United States District Judge