IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert A. Snead,                                           :

                        Plaintiff                 :         Civil Action 2:12-cv-00739

   v.                                                     :         Judge Sargus

Gary C. Mohr,                                           :         Magistrate Judge Abel

                        Defendant               :


**Order**

Plaintiff Robert A. Snead, a state prisoner, brings this action alleging that defendant Dr. Weil was deliberately indifferent to his serious medical needs.  This matter is before the Court on plaintiff Snead's February 15, 2013 objections to Magistrate Judge Abel's January 30, 2013 Report and Recommendation that plaintiff's December 3, 2012 motion for a preliminary injunction be denied.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **DENIES** plaintiff's December 3, 2012 motion for a preliminary injunction (doc. 23).

The Magistrate Judge concluded that Snead had not established a substantial likelihood or probability of success on the merits or that he would suffer irreparable harm if an injunction was not issued because his assertions were not supported by medical evidence demonstrating that the denial of medical care had caused him irreparable harm.

1

Plaintiff argues that he is not required to provide medical documentation because his injuries are obvious even to a lay person. He walks with a profound limp. He also maintains that the because he has been repeatedly denied medical testing, there is little evidence in his medical file. Plaintiff requests that he be permitted to proceed with discovery.

Discussion. As the Magistrate Judge stated, a district court must assess four factors in deciding whether to issue a preliminary injunction: "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

Plaintiff Snead has submitted a November 2, 2012 declaration under penalty of perjury that asserts that State budget cuts have deprived him of need medical care for serious medical needs. He further asserts that he has been transported to and from medical appointments outside the prison in shackles. See, Doc. 23-1, PageID 395-97. The Magistrate Judge noted that Snead has not offered any medical evidence supporting these allegations. Therefore, the Magistrate Judge properly concluded that plaintiff has not established a substantial likelihood or probability of success on the merits or that he will suffer irreparable harm if an injunction is not issued. The Magistrate Judge also

2

correctly stated that without verifying medical evidence, plaintiff is not likely to succeed on the merits. The Sixth Circuit requires verifying medical evidence to demonstrate the deleterious effect of the lack of treatment when only minor maladies or non-obvious complaints of a serious need for medical care were present.[1] "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)(quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). Verifying medical evidence provides the court with the best available evidence as to whether the alleged deprivation is sufficiently serious and whether the inmate was at substantial risk of harm. *Id.*

The denial of plaintiff's motion for a preliminary injunction does not prevent plaintiff from obtaining discovery. Plaintiff is permitted to conduct discovery on matters relevant to his claims.

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation and **DENIES** plaintiff's December 3, 2012 motion for a preliminary injunction (doc. 23).

4-2-2013

Edmund A. Sargus
United States District Judge

_____

[1]Plaintiff submitted numerous declarations from prisoners asserting similar complaints. Many of the declarations describe physical complaints that cannot be characterized as mild maladies or non-obvious complaints of a serious need for medical care; however, this action is not a class action and the additional declarations cannot be used to support plaintiff's motion for a preliminary injunction.