IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert A. Snead, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00739 |
| v. | : | Judge Sargus |
| Gary C. Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Order**

This matter is before the Magistrate Judge on plaintiff Robert A. Snead's September 9, 2013 motion to compel discovery (doc. 55).

Plaintiff seeks an order compelling defendants to produce for inspection and copying the documents requested in his February 13 and June 25, 2013 requests and complete and truthful answers to the interrogatories in his May 13, 2013 request. Plaintiff maintains that defendant failed to provide responses to his February 13 requests within thirty days. When defendants eventually responded, they objected to one request and failed to fulfill the other request. Plaintiff maintains that their responses have been less than truthful. Despite intermittent communications between plaintiff and counsel for defendants, no discovery has been conducted, nor have the objections been resolved.

Plaintiff maintains that answers to his May 13 request for interrogatories were less than truthful, riddled with objections and contradicted statements that the defendant had made previously. Defendants failed to respond to plaintiff's June 25 request for production of documents, nor did they seek an extension from the Court or contact plaintiff. By failing to respond, plaintiff argues that defendants have waived any objections to the discovery requests.

In response, defendants maintain that previous counsel responded to plaintiff's February 13 first request for production of documents on March 20, 2013 with reasonable objections and denials. On March 25, 2013, Snead acknowledged receipt of the responses and asked to meet with counsel to resolve the objections. Snead also complained of not having enough time to go through his medical file and not receiving responses to interrogatories directed to Dr. Weil. On April 2, previous counsel informed plaintiff that he had not received any interrogatories for Dr. Weil. On April 7, Snead acknowledged that he had failed to send the interrogatories. Snead indicated that he wanted to review his medical file as quickly as possible and hoped to meet with counsel to discuss the objections. On April 23, Snead asked why he had not a response to his April 7 letter and requested that counsel instruct prison officials on how they should conduct the inspection and copying of files. On May 13, Snead sent his request for interrogatories to Dr. Weil.

On June 13, 2013, current counsel sent Snead a letter acknowledging receipt of the interrogatories and requesting a thirty-day extension of time in which to respond.

Counsel for defendants informed Snead of the process under which an inmate may obtain copies of their medical file. Counsel encouraged Snead to contact the Health Care Administrator and to follow the procedure outlined in the policy; steps that Snead had apparently failed to follow despite instruction from defendants' previous counsel.

On July 23, 2013, defendants forward Dr. Weil's responses to the interrogatories. Snead did not object to any of the responses provided by Dr. Weil. On August 1, 2013, Snead reviewed his entire medical file and tagged 217 pages for copying. The records were sent to plaintiff on September 5, 2013. Plaintiff has not sent any further correspondence to counsel.

Counsel for defendants acknowledges that plaintiff did not receive a timely response to his July 5, 2013 Second Request for the Production of Documents. Counsel maintains that the principal reason for the failure to respond is that many of the requests were for portions of Snead's medical file, which plaintiff had not yet reviewed. Counsel also acknowledges that his failure to provide responses or objections was inexcusable error and states that he will provide reasonable objections and/or responses to the requests within the next thirty days.

Counsel for defendants received interrogatories for Dr. Weil on May 15, 2013. On June 13, 2013, counsel requested a thirty day extension of time in which to respond to the interrogatories. Snead consented to the extension. Counsel mailed the responses to Snead on July 23, 2013, and acknowledges that the responses were ten days late. Defendants maintain, however, plaintiff made no objection to the quality or content of

the responses. Defendants argue that Rule 37(a)(1) requires that a motion to compel discovery include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Defendants argue that plaintiff made no such attempt to confer with counsel regarding his requests for product of documents or his dissatisfaction with Dr. Weil's interrogatory responses.

In his reply in support of his motion to compel, plaintiff concedes that he made no attempt to contact counsel for defendant regarding Dr. Weil's responses to the interrogatories and withdraws that portion of his motion. He also received part of his medical file, but he maintains that he did not receive electronic copies of the MRIs and x-rays that he requested. Plaintiff also contends that he did not receive the notes reviewing his August 27, 2012 x-ray. Plaintiff argues that it was not his responsibility to schedule an opportunity to review his medical file.

<u>Discussion</u>. Plaintiff's motion to compel is GRANTED in part. Although plaintiff maintains that he has not received all of the medical records that he requested, it is not clear what specific documents he maintains are missing. Defendant is ORDERED to produce copies of plaintiff's MRIs and x-rays in addition to the notes reviewing his August 27, 2012 x-ray. To the extent that plaintiff seeks additional records, he should provide defendant's counsel with a specific list of the documents that he contends are missing from the production of documents he received prior to filing any future motion to compel.

4

Counsel for defendants acknowledged that he did not provide a timely response to plaintiff's July 5, 2013 Second Request for the Production of Documents and stated that he would provide reasonable objections and/or responses to the requests by October 28, 2013. If counsel for defendants has not already provided the responses, he is ORDERED to do so immediately.

Although plaintiff failed to attempt to resolve the dispute regarding Dr. Weil's responses to the interrogatories extrajudicially, I will address plaintiff's objections to Dr. Weil's responses. In Interrogatory No, 2, plaintiff asked Dr. Weil how many complaints had been filed against him regarding the quality or quantity of medical he provided. Dr. Weil responded that he did not recall any specific complaints being filed against him. Plaintiff maintains that this is disingenuous given that he has filed such complaints against Dr. Weil. Dr. Weil's response is insufficient. It does not appear that he made any effort to determine whether any informal complaints or formal grievances have been filed against him. Dr. Weil should contact the office responsible for maintaining prisoner grievances and inquire how many informal complaints or grievances concerning the quantity or quality of medical care. If those records are no longer in existence, counsel should provide a detailed explanation as to how these records are maintained.

Plaintiff's objection to Dr. Weil's response to Interrogatory No. 3 is without merit. Plaintiff's interrogatory presents a hypothetical question regarding the course of action Dr. Weil would take if presented with a hematoma at an inguinal hernia site.

5

Plaintiff contends that Dr. Weil's response that Snead did not have a hematoma is inconsistent with his medical records and is not responsive to his question. Snead is free to point out inconsistencies between his responses to the interrogatory and his medical treatment notes, but Dr. Weil adequately responded to the hypothetical situation presented by the interrogatory.

Interrogatory No. 4 sought the names of all people with whom Dr. Weil discussed plaintiff's medical care. Dr. Weil did not recall discussing Snead's medical care with anyone. Plaintiff, however, points to the November 16, 2011 Decision of the Chief Inspector on a Grievance Appeal, which indicates that the Mona Parks reviewed Snead's medical file with Dr. Weil. Doc. 40-1 at PageID# 496. If Dr. Weil can recall any further discussions he may have had regarding plaintiff's treatment, he should so state.

In Interrogatory No. 6, plaintiff asks who influenced his decision to lessen the care provided to plaintiff and whether monetary concerns played a role. Dr. Weil responded that there was no decision to lessen the quality of quantity of care provided to Snead, and monetary concerns or other variables did not factor into any such decision. Plaintiff relies on the newspaper articles citing the reduction in prisoner medical care expenses and argues that it was impossible for the prison to reduce its costs without a decrease in care. Plaintiff's objection is overruled. If plaintiff wants to seek further discovery from defendants on how such costs savings were realized, he may do so. The fact that costs were reduced does not necessarily mean that Dr. Weil reduced the quality medical care provided to plaintiff.

Plaintiff's objection to Dr. Weil's response to Interrogatory No. 11 is also without merit. Dr. Weil indicated that the fact a patient must be an inmate has no impact on his provision of appropriate and adequate medical care. No further response is necessary.

Plaintiff Robert A. Snead's September 9, 2013 motion to compel discovery (doc. 55) is GRANTED in part.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge