IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert A. Snead, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00739 |
| v. | : | Judge Sargus |
| Gary C. Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Order**

This matter is before the Magistrate Judge on plaintiff Robert A. Snead's December 9, 2013 motion to compel discovery (doc. 64).

Request No. 1. Plaintiff maintains that he has the means to view the digital records of his x-rays and MRI. Plaintiff should communicate with counsel for defendants to ensure that he has the proper means for doing so. If plaintiff has the ability to view such records, defendants should provide plaintiff with the opportunity to do so.

Request No. 2. Although Ms. Oppy, the Health Care Administrator ("HCA"), told plaintiff that ODRC doctors are not permitted to maintain notes, plaintiff maintains that he personally witnessed Dr. Nathan Yost take personal notes in a spiral bound notepad and that these notes were not provided to him.

1

In response, defendants argue that Ms. Oppy informed plaintiff that medical personnel are not permitted to make personal notes and that any notes that are generated during the course of treatment were required to be incorporated into and maintained in his medical file. As a result, defendants maintain that if any notes existed they would have been in his medical file.

Defendants cannot produce documents that do not exist. Defendants, however, should consult with Dr. Yost to ensure that any notes he may have taken were in fact incorporated into the inmates' medical files. If Dr. Yost has notes in his possession, those notes should be produced.

Request No. 3. Plaintiff maintains that his medical record did not contain any records concerning the Collegial Review Board's denial and subsequent approval of his July 15, 2011 left inguinal hernial surgical repair. Plaintiff maintains that there must be documentation of this determination.

Defendants contend that when a matter is presented to the Collegial Review Board, there is no requirement that any notes, decisions or recommendations be recorded. If any such notes, decisions or recommendations existed with respect to plaintiff, these documents would have been placed in his medical record.

Because defendants cannot produce what does not exist, plaintiff's motion with respect to this request is denied.

Request No. 4. Request no. 4 seeks "Any ODRC policy, customary practice, protocol, procedure that dictates the level of medical care a person in the Plaintiff's

position can receive, that is not already available to the plaintiff through the Institutional Library." Doc. 64 at PageID# 696. With request to request 4, plaintiff maintains that he was only provided with "non-secure policies" that he already had in his possession. Plaintiff contends that he received a "tremendous amount of fluff" in response to this request. Plaintiff argues that he must be permitted to see all policies, customary practices, medical protocols and procedures that control how defendant were required to conduct themselves then and now.

Defendants argue that despite the vagueness of plaintiffs' request, defendants attempted to produce relevant documents. Defendants maintain that they simply do not know what documents are in the Institutional Library and what a "person in the plaintiff's position" means. Defendants' objection is sustained.

Request No. 5. Plaintiff maintains that documents produced through Collegial Reviews are not in his medical file and that defendants should indicate where these documents are located. Plaintiff cannot believe that defendants are making such major determinations without corresponding documentation. Defendants maintain that if any such documents exist they would be in his medical file.

Because defendants cannot produce what does not exist, plaintiff's motion with respect to this request is denied.

Requests Nos. 8 & 10. Request no. 8 seeks "All documents that contain, mention or construe or refer to any modification of formularies that affect the medications of Neurontin, Ultram, Prilosex, Flexaryl and, but not limited to Baclofen."*Id.* at PageID#

698. In response, defendants maintain that the medical formularies are confidential and cannot be disclosed to inmates because it would provide inmates with the knowledge of the factors, variables and other indicators that treating physicians utilize to determine whether an inmate qualifies for such medication. Request no. 10 seeks "All documents that contain, mention, construe or refer to the provision of over-the-counter medications to inmates in a similar position as the plaintiff, e.g. Tylenol, Docusate, milk of magnesia, Zyrtec, prilosec, Zantac, Pepcid, and, but not limited to, glucosamine. " *Id.* Defendants contend that the phrase "inmates in a similar position" is simply too vague. Defendants' objections are sustained.

Request No. 9. Plaintiff seeks a "sampling" of transportation records from 2010, 2011 and 2013. The request states "All documents that contain, mention, construe or refer to inmates in a similar position as the Plaintiff, not being transported for medical care due to changes in policy, procedure, customary practices and/or cost saving measures." Defendants object on the basis that the phrase "inmates in a similar position" is too vague. Defendant's objection is sustained.

Request No. 11. Request 11 seeks "All documents that mention, contain, construe or refer to the total amount of money spent on inmate healthcare for the years of 2010, 2011, 2012 and 2013 or their fiscal equivalents." Defendants contend that by seeking "all documents," this request is overbroad. Defendants maintain that they have provided responsive documents, but it impossible to produce all such documents. Defendants' objection is sustained.

4

In addition to his arguments concerning specific discovery requests, plaintiff also argues that defendants have waived any objections to his requests for discovery because he failed to respond in a timely manner. Plaintiff maintains that defendants have acted with dilatory intent and in bad faith.

From a review of the correspondence between plaintiff and counsel for defendants, it does not appear that counsel has acted with dilatory intent and in bad faith. It appears that both parties have worked together to resolve this discovery dispute prior to seeking the assistance of the Court.

<u>Conclusion</u>. For the reasons stated above, plaintiff Robert A. Snead's December 9, 2013 motion to compel discovery (doc. 64) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
