IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert A. Snead, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00739 |
| v. | : | Judge Sargus |
| Gary C. Mohr, | : | Magistrate Judge Abel |
| Defendant | : | |

## Report and Recommendation

Plaintiff Robert A. Snead, a State prisoner, brings this action under 42 U.S.C. § 1983 alleging that Dr. Weil was deliberately indifferent to serious medical needs. This matter is before the Magistrate Judge on plaintiff Robert A. Snead's January 17, 2014 second motion seeking a preliminary injunction (doc. 75).

Snead asks the Court to order defendant to provide him with the following:

1. An MRI of his left hip and that after such MRI is performed, a subsequent consultation with an orthopedic surgeon, and that any all recommendations made by the orthopedic surgeon be complied with in a timely manner and without interference by the CRB, ODRC, or any individually named defendant or their agents.

1

2. AN MRI of his right knee and that thereafter, a consultation ordered with an orthopedic surgeon to consider his right knee as well as his left hip as above.

3. An MRI of his left inguinal hernia site to determine whether nerve compression has occurred and thereafter that he be evaluated by a surgeon.

4. An MRI of the area "containing the Sciatic nerve" to determine if nerve compression has occurred, and should a reading of the MRI dictate, that he be scheduled to consult with a surgeon capable of performing the appropriate laser surgery to correct any compression.

5. If laser surgery is indicated, then the damages in plaintiff's upper spine be corrected at the same time.

6. That plaintiff be secured with a seat belt during any transportation to or from medical care appointments.

7. That plaintiff be provided with the following medications, to include and not be limited to: a proton pump inhibitor, a shingles vaccine, a muscle relaxant, comprehensive pain management until and after surgical corrections, and nasally inhaled corti-steroids.

8. That bullets from plaintiff's back and chest be removed, and bullet fragments from his arm be removed, followed by an order than any orders or recommendations from the surgeon be followed.

    9.      That all recommendations from any neutral medical expert who may be appointed by followed.

    10.    That defendants be prohibited from denying him any future medical care, any unsecured transportation, or future retaliation for exercise of his First Amendment rights.

In support of his motion for a preliminary injunction, plaintiff submitted a declaration in which he maintains that he has been denied pain medications, including Tramadol, Prilosec, Neurontin, Benadryl, Flexaryl, Tylenol, Zyrtec, nasally inhaled steroids, and Docusate. Snead. Dec. ¶ 6; Doc. 76 at PageID# 753. Snead states that he has been denied access to the surgeon who performed the left inguinal hernia repair and consultation and testing to determine the extent of his nerve damage, nerve comprehension and torn tendons. *Id.* at ¶¶ 7-8. He has been denied MRIs for his right knee left hip. *Id.* at ¶¶ 9-10 at PageID# 754. Defendants have not permitted plaintiff to have the bullets and fragments removed from his back, chest and right arm. *Id.* at ¶ 11. Plaintiff states that he has been denied access to a gastroenterologist and a orthopedist. *Id.* at ¶ 12.

Plaintiff states that defendants have modified the medical formularies, protocols, practices and policies to deny him medical care for monetary reasons, and he has been informed by defendants and MaCI staff that he will not receive medical care unless his conditions become immediately life threatening. *Id.* at ¶¶ 14-15. He has been in considerable pain constantly for the last two and a half years. *Id.* at ¶ 16. Plaintiff was told

3

that medical personnel may not write prescriptions for pain medications for more than five days because they are no longer in the "pain management business." *Id*. at ¶ 18. Plaintiff was told by Dr. Neufeld, Dr. Stephens and an orthopedic surgeon at Ohio State University Hospital that his left hip needs to be replaced. *Id*. at ¶ 19.

Plaintiff states that seat belts in transport van are not utilized. *Id*. at ¶ 20.

Plaintiff states that he suffers from anxiety, panic attacks, chronic constipation, severe headaches, chest pain muscle pain, impulsiveness, hyperactivity, severe mood swings, intermittent impairment of upper cognitive functions including reasoning, and unusual bruising, all of which he attributes to chronic use of Neurontin. *Id*. at ¶ 22.

Plaintiff states that he believes that the greater delay in addressing his nerve damage in his sciatic nerve, his right arm, and at the left inguinal hernia repair site, more permanent damage will occur. *Id*. at ¶ 29. The pain is impacting his psychological health, and he has difficulty sleeping. *Id*. at ¶¶ 31-32. His legs collapse. *Id*. at ¶ 33.

Plaintiff provided a consultation request for post-operation evaluation for the left inguinal hernia repair that was cancelled. Exh. A; Doc. 76 at PageID# 758. X-rays of plaintiff's left hip taken August 27, 2012 recommended that plaintiff under for a radio-nuclide bone scan or MRI for further evaluation. Exh. B; *Id.* at PageID# 759. Dr. Virginia Stephens also requested additional testing in Exhibit E. *Id.* at PageID# 762. Exhibit F documents continued detrimental changes to plaintiff's hip joint. *Id.* at PageID# 763.

A September 12, 2012 treatment note recommended that plaintiff have an MRI of his hip. The Collegial review note indicated that the x-ray should be repeated. PageID#

4

761. A January 29, 2013 treatment note discussed plaintiff's congenital hip deformity and hip replacement surgery. The request for an orthopedic consultation was denied and plaintiff was instructed to continue exercise and medications. PageID# 760.

Plaintiff also submitted medical reports indicating the presence of bullet fragments in his forearm and back. PageID# 766-76.

Discussion. A district court must assess four factors in deciding whether to issue a preliminary injunction: "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). The Prison Litigation Reform Act requires that"[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Plaintiff argues that he is intentionally being denied the medical care and testing that would enable him to provide a more substantial showing of medical evidence demonstrating the detrimental effect of the denial of medical care. Plaintiff maintains that the requirement of placing verifying medical evidence in the record applies only to

5

minor maladies or non-obvious complaints. Plaintiff contends that the x-rays of his right arm, chest, and back document the presence of bullets and bullet fragments, which cause significant pain when not removed. Additionally, plaintiff argues that even a lay person reviewing the x-rays of his left hip could readily see his deformity and recognize that it causes a great deal of pain. Defendants have denied plaintiff access to further testing and medical treatment in order to avoid costs.

Plaintiff maintains that he has been forced to use Neurontin for pain relief, which has caused him significant side effects. Recommendations for follow up with his surgeon and for further testing were denied solely on the basis of costs. Plaintiff maintains that failing to follow through on these recommendations on the basis of cost demonstrates a deliberate indifference and unconstitutional conduct.

Here, plaintiff has not established a substantial likelihood or probability of success on the merits. Although the evidence submitted by plaintiff indicates that he has not received further testing, the evidence does not necessarily demonstrate that the defendants have acted with deliberate indifference to his serious medical needs. Where a prisoner alleges that medical care has been inadequate, "federal courts are generally reluctant to second guess medical judgments. . . ." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Plaintiff has also not demonstrated there is a threat of irreparable harm to him. Although he has submitted evidence supporting his assertion that recommendations concerning further testing have not been followed, he has not submitted any evidence demonstrating that any delay in his treatment has caused further deterioration

of his medical condition. Finally, I note that the deadline for completing discovery has passed and some defendants filed a motion for judgment on the pleadings April 7, 2014. The remaining defendants have a May 5 deadline for filing case-dispositive motions.

Plaintiff seeks broad injunctive relief that would provide him with essentially all the non-monetary relief sought in his complaint. Courts, however, must accord prison administrators "wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Under these circumstances, plaintiff has not demonstrated that he is entitled to a preliminary injunction.

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff Robert A. Snead's January 17, 2014 second motion seeking a preliminary injunction (doc. 75) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v.*

*Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
