UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT A. SNEAD,
    Plaintiff,

v.

GARY C. MOHR, et al.,
    Defendants.

Case No. 2:12-CV-00739
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on Plaintiff Robert A. Snead's objections, doc. 109, to Magistrate Judge Abel's April 16, 2014 report and recommendation (R&R), doc. 105. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.

### I.

### A.

Plaintiff is a state prisoner currently housed at the Madison Correctional Institution. In August 2012, he brought suit against doctors, nurses, and administrators of the Ohio Department of Rehabilitation and Correction. He alleges claims under the Eighth and Fourteenth Amendments for denial of adequate medical care and unsafe medical transportation; and a claim under the First and Fourteenth Amendments based on retaliation for internal grievances he filed.

Plaintiff's complaint details a host of medical issues: pain from the surgical repair of an inguinal hernia, *see, e.g.*, doc. 50 ¶ 27; congenital defects in his left hip, exacerbated by his hernia operation, *see id.*; a lingering right-knee injury, *see id.*; chronic gastritis, which has "cause[d] further injuries" to his esophagus, lungs, and throat, *id.*; a chronic sinus infection, *see id.*; "debilitating headaches or migraines," *id.*; "[c]omplications from [all of the] medications" he currently takes, *id.*; and congenital defects in his left femur, *see id.*

1

Plaintiff contends that the defendants have denied him medical care necessary to resolve his problems. He alleges being denied pain medicines of his choice. *See* doc. 76 ¶ 6. He adds:

> that he has been denied access to the surgeon who performed the left inguinal hernia repair and consultation and testing to determine the extent of his nerve damage, nerve comprehension and torn tendons. *Id.* at ¶¶ 7-8. He has been denied MRIs for his right knee [and] left hip. *Id.* at ¶¶ 9-10 at PageID# 754. Defendants have not permitted plaintiff to have the bullets and fragments removed from his back, chest and right arm. *Id.* at ¶ 11. Plaintiff states that he has been denied access to a gastroenterologist and a[n] orthopedist. *Id.* at ¶ 12.
>
> Plaintiff states that defendants have modified the medical formularies, protocols, practices and policies to deny him medical care for monetary reasons, and he has been informed by defendants and MaCI staff that he will not receive medical care unless his conditions become immediately life threatening. *Id.* at ¶¶ 14-15. He has been in considerable pain constantly for the last two and a half years. *Id.* at ¶ 16. Plaintiff was told that medical personnel may not write prescriptions for pain medications for more than five days because they are no longer in the "pain management business." *Id.* at ¶ 18. Plaintiff was told by Dr. Neufeld, Dr. Stephens and an orthopedic surgeon at Ohio State University Hospital that his left hip needs to be replaced. *Id.* at ¶ 19.

Doc. 105 at 3–4.

Plaintiff tells of additional medical issues and instances of being denied treatment. He alleges unsafe medical transportation—as he tells it, he was not secured by a seatbelt when the van transporting him almost got into an accident; this unmoored the internal sutures from his hernia operation, which tore some of the tendons from his already ailing left hip. *See* doc. 50 ¶¶ 96–103. He also avers that his medication has resulted in unwanted side effects, including anxiety, headaches, body aches, and cognitive impairment, *see* doc. 105 at 4 (citing doc. 76 ¶ 22); and that he has been denied treatment for nerve issues in his back and arm, *see* doc. 76 ¶ 29.

According to his complaint, the present motion, and a number of supporting documents, Plaintiff has tried without success to take steps to obtain the medical care he seeks. One of his preliminary-injunction exhibits shows that his request for a post-operation evaluation to examine his lingering hernia issues was denied. Doc. 76 at 6 (Ex. A). Another shows a doctor's

2

recommendation that Plaintiff receive "a radionuclide bone scan or MRI for further evaluation" of his left hip. Doc. 105 at 4 (citing Ex. B). "Dr. Virginia Stephens also requested additional testing in Exhibit E. Exhibit F documents continued detrimental changes to plaintiff's hip joint." *Id.* (citation omitted). These requests and recommendations have not been followed. *See id.* at 5. Instead, Plaintiff's treating doctors have opted to undertake a different course of treatment, specifically recommending that Plaintiff "continue" his current "exercise and medications." *Id.*

**B.**

Based on all of this, Plaintiff submitted his second motion for a preliminary injunction, asking the Court to order the following:

1. An MRI of his left hip and that after such MRI is performed, a subsequent consultation with an orthopedic surgeon, and that any all recommendations made by the orthopedic surgeon be complied with in a timely manner and without interference by the CRB, ODRC, or any individually named defendant or their agents.
2. AN MRI of his right knee and that thereafter, a consultation ordered with an orthopedic surgeon to consider his right knee as well as his left hip as above.
3. An MRI of his left inguinal hernia site to determine whether nerve compression has occurred and thereafter that he be evaluated by a surgeon.
4. An MRI of the area "containing the Sciatic nerve" to determine if nerve compression has occurred, and should a reading of the MRI dictate, that he be scheduled to consult with a surgeon capable of performing the appropriate laser surgery to correct any compression.
5. If laser surgery is indicated, then the damages in plaintiff's upper spine be corrected at the same time.
6. That plaintiff be secured with a seat belt during any transportation to or from medical care appointments.
7. That plaintiff be provided with the following medications, to include and not be limited to: a proton pump inhibitor, a shingles vaccine, a muscle relaxant, comprehensive pain management until and after surgical corrections, and nasally inhaled corti-steroids.
8. That bullets from plaintiff's back and chest be removed, and bullet fragments from his arm be removed, followed by an order than any orders or recommendations from the surgeon be followed.
9. That all recommendations from any neutral medical expert who may be appointed by followed.

10. That defendants be prohibited from denying him any future medical care, any unsecured transportation, or future retaliation for exercise of his First Amendment rights.

Doc. 105 at 1–3. Judge Abel recommended denial of the motion. Doc. 105. Plaintiff objects.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

## III.

Magistrate Judge Abel held that Plaintiff's request for relief failed to meet at least three of the preliminary-injunction factors. *See Ne. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (listing the factors). On the first, "the evidence does not necessarily demonstrate that the defendants have acted with deliberate indifference to [Plaintiff's] serious medical needs." Doc. 105 at 6. On the second, he did not demonstrate a threat of irreparable harm, *see id.*, primarily because "he has not submitted any evidence demonstrating that any delay in his treatment has caused further deterioration of his medical condition," *id.* at 6–7. Finally, Plaintiff's request for "broad injunctive relief that would provide him with essentially all the non-monetary relief sought in his complaint" was out of step with the policy of "wide ranging deference" to prison administrators. *Id.* at 7 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)); *see id.* at 5 (citing 18 U.S.C. 3626(a)(2) ("Preliminary injunctive relief" for prisoners "must be narrowly drawn . . . .").

4

Plaintiff advances several objections. He first contends that failure to provide medical services based solely on cost-saving reasons should be enough to show a high likelihood of success on the merits of his Eighth Amendment claims. He next contends that the defendants have not done enough to help with pain management, only treating some of the symptoms (and not the causes) of his pain. Finally, plaintiff contends that chronic, untreated pain, like the kind he avers to having, can be enough to show the right level of detriment for an injunction to issue.

The Court overrules these objections. It adopts the reasoning in Magistrate Judge Abel's R&R, specifically:

> Although the evidence submitted by plaintiff indicates that he has not received further testing, the evidence does not necessarily demonstrate that the defendants have acted with deliberate indifference to his serious medical needs.

Doc. 105 at 6; *see Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001) ("To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, Lewis must show that prison officials were deliberately indifferent to his serious medical needs."); *id.* ("A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation, and, where the prisoner has received some medical attention and now disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and to constitutionalize claims . . . ." (citation omitted)).

The Court does not doubt that Plaintiff is in pain; or that at least one of the alleged comments to Plaintiff regarding his pain is troubling, *see* 76 ¶ 18 (alleging that a medical official told Plaintiff that the medical staff was not in the "pain management business"); or that, if Plaintiff's allegations are true, he should have been provided a seat belt for his prison-to-medical-care transportation, *see* doc. 50 ¶¶ 96–103. But this is not enough for a deliberate-indifference claim under the Eighth Amendment. *See Lewis*, 7 F. App'x at 375.

5

Moreover, the other prongs weigh in favor of denial. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) ("[T]he four considerations applicable to preliminary injunctions are factors to be balanced . . . ." (internal quotation marks omitted)). For example, as Magistrate Judge Abel explained, "Plaintiff seeks broad injunctive relief that would provide him with essentially all the non-monetary relief sought in his complaint," doc. 105 at 7, which is out of step with courts' policy of deference to prison officials, *see* 18 U.S.C. 3626(a)(2); *Bell*, 441 U.S. at 547.

### IV.

For the reasons stated, Plaintiff's objections, doc. 109, are **OVERRULED**. The R&R, doc. 105, denying Plaintiff's motion for a preliminary injunction, doc. 75, is **ADOPTED**.

**IT IS SO ORDERED.**

8-6-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**