IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert A. Snead, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00739 |
| v. | : | Judge Sargus |
| Gary C. Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

This matter is before the Magistrate Judge on putative defendant Darhla Roberts' unopposed April 4, 2014 motion for judgment on the pleadings (doc. 100). As a preliminary matter, the Ohio Attorney General's April 4, 2014 motion to withdraw representation of putative defendant Roberts (doc. 99) is GRANTED.

On September 28, 2012, plaintiff filed this action under 42 U.S.C. § 1983. Plaintiff prepared and submitted to the Clerk a United States District Court "Summons in a Civil Action" form together with a prepared United States Department of Justice, United States Marshal's Service "Process Receipt and Return" form. *See* doc. 6. The summons for Ms. Roberts was sent to ODRC's Central Office. *Id*. The certified mail return card (green card) was signed by a Tami Davis on October 3, 2012. On October 5, 2012, service returns were forwarded to the Clerk by the United States Marshal's Service and successful service on Ms. Roberts was docketed by the Clerk. *Id*.

1

On January 4, 2013, the summons for Darhla Roberts was returned by ODRC Central Office to the United States Marshal's Service as having been improperly accepted. The return mailing included the Process Receipt and Return marked "01/04/2013 N/A - RTS – See attached." The returned papers also included a copy of the front side of the certified mail envelope marked "Marshals" and includes the statement, "We have no Darhla Roberts." The envelope is stamped "Moved Left No Address" in two places, and is also stamped, "Moved Left No Address." Several other stamps indicate "Return To Sender – No Addressee." These documents were then forwarded to the Clerk who docketed the unsuccessful service on January 8, 2013. *See* doc. 28. No other summons has ever been re-issued for defendant Darhla Roberts. The motion for judgment on the pleadings assert that Ms. Roberts has yet to be served properly.[1]

Rule 4(m) of the Federal Rules of Civil Procedure sets forth the general requirement that a complaint and summons be served on each named defendant within 120 days of the date the complaint is filed. Plaintiff has failed to file proof of service of the summons and complaint on defendant within 120 days after filing the complaint. Plaintiff also has failed to respond to putative defendant Darhla Roberts's April 4, 2014 motion for judgment on the pleadings for failure to obtain service on her.

---

[1] Defendant relies on *Royster v. Mohr*, No. 2:11-cv-1163, 2013 WL 827709 (S.D. Ohio March 6, 2013). The *Royster* Court considered whether service at an former place of employment if signed by another individual comported with due process. Defendants have not provided any affidavit indicating whether Roberts remains employed by ODRC.

Accordingly, the Magistrate Judge RECOMMENDS that defendant Roberts be DISMISSED, without prejudice, under Rule 4(m), Fed. R. Civil. P. for failure to obtain service on defendant her and that defendant Darhla Roberts' unopposed April 4, 2014 motion for judgment on the pleadings (doc. 100) be GRANTED in part.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

          s/Mark R. Abel
          United States Magistrate Judge